# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ROGER D. WALDNER, | |
|     Plaintiff, | No. C-04-1014 |
| vs. | |
| JANET WISSEL CARR et al., | **ORDER** |
|     Defendants, | |
| LARRY S. EIDE, Chapter 7 Trustee, | |
|     Plaintiff, | No. C-05-1029 |
| vs. | |
| URBAN R. HAAS, et al., | |
|     Defendants. | |

This matter comes before the court on its own motion. On September 15, 2005, the magistrate judge consolidated *Waldner v. Carr*, Case No. C-04-1014 ("*Waldner*") and *Eide v. Haas*, Case No. C-05-1029 ("*Eide*"). The Clerk of Court designated *Waldner* as the lead case and *Eide* as the member case, i.e., *Eide* was consolidated into *Waldner*, the first filed case.

It has come to the court's attention that the magistrate judge lacked jurisdiction to consolidate *Waldner* and *Eide*, because *Eide* is presently referred to Chief Bankruptcy Judge Paul J. Kilburg. The magistrate judge's order consolidating *Eide* with *Waldner* is thus null and void, because *Eide* was not referred to him.

In the Northern District of Iowa, as is the case elsewhere, bankruptcy actions are

routinely referred to bankruptcy judges pursuant to 28 U.S.C. § 157(a). Title 28, United States Code, Section § 157(a) permits a district court to "provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Pursuant to a standing administrative order in this district, the *Eide* case was referred by this court to the bankruptcy court.[1] *Eide* remains referred to the bankruptcy court.

There is a Motion to Withdraw Reference of Case or Proceeding Within Case ("Motion to Withdraw Reference") presently before the court in *Eide*.[2] A motion to

---

[1] On May 5, 1986, then Chief Judge Donald E. O'Brien ordered the referral of all cases arising under title 11 to the United States Bankruptcy Court for the Northern District of Iowa. *See* N.D. Iowa Administrative Order No. 927.

[2] On July 11, 2004, Larry S. Eide filed a Complaint in the United States Bankruptcy Court for the Northern District of Iowa against Urban Haas and Patricia Haas. Eide was an acting and qualified Chapter 7 Trustee in *In re H&W Motor Express Company*, Case No. 02-2017D, another case pending in the United States Bankruptcy Court for the Northern District of Iowa. (All filings in *Eide* contain the parallel caption of *In re H&W Motor Express Company,* Case No. 02-2017D.) By filing the Complaint, Eide initiated an adversary proceeding seeking to recover property of the bankruptcy estate. *See* 11 U.S.C. § 542(a).

*Eide* proceeded in the bankruptcy court for nearly a year. Numerous filings and orders were docketed, including, on November 8, 2004, the Haases's Counterclaim against Roger D. Waldner. On April 29, 2005, more than five months after he filed his Answer to the Haases' Counterclaim, Waldner filed a "Motion to Withdraw Reference of Case or Proceeding Within Case." Waldner represented to the bankruptcy court that:

> Cause exists for the withdrawal of this matter, to wit: this matter is a non-core proceeding, as to which the Bankruptcy Judge, under 28 U.S.C. § 157(c), may only hear and report, and in light of the likelihood that de novo review will be

(continued…)

withdraw reference is a motion brought pursuant to 28 U.S.C. § 157(d). Under this statute, it is clear that a party may request the district court to unrefer a case referred to a bankruptcy judge. In pertinent part, 28 U.S.C. § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. § 157(d); *see also id.* (providing for mandatory withdrawal of reference "if the

---

[2](…continued)
sought under 28 U.S.C. § 157(c)(1), it is in the interest of judicial economy for the District Court to hear the matter in the first instance. Withdrawal of the reference is particularly appropriate in this case since there is currently pending before the District Court a civil action [i.e., *Waldner*,] involving the same parties and the same Memorandums of Understanding. *See* Case No. C04-1014 EMJ.

Roger D. Waldner is the Plaintiff in *Waldner*. The Haases are two of more than a dozen defendants in *Waldner*.

On May 5, 2005, Chief Bankruptcy Judge Paul J. Kilburg stayed all action in *Eide* pending the district court's ruling on the Motion to Withdraw Reference. On May 24, 2005, Sean F. McAvoy, Clerk of the Bankruptcy Court for the Northern District of Iowa, electronically transmitted a certified record of *Eide* to the Clerk of Court for the Northern District of Iowa. Included in the record was Waldner's Motion to Withdraw Reference.

The statute and local rules do not indicate whether a party should file a motion to withdraw the reference in the bankruptcy court or in district court. As indicated, in this case, Waldner filed his Motion for Withdrawal of the Reference in bankruptcy court, and the bankruptcy clerk forwarded it to the district court clerk. There is some authority that this is the correct procedure. *See* Fed. R. Bank. P. 5011, Advisory Committee Notes (contemplating that the party file the motion with the bankruptcy clerk, who would then forward the motion to the district court.); *see also Resolution Trust Corp. v. Overland Park Fin. Corp.*, 182 B.R. 865, 869-70 (D. Kan. 1995) (relying on local rule and holding that "the motion for withdrawal should not be filed directly in the district court"). Waldner did not refile his Motion to Withdraw Reference in the district court.

3

court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce"). The undersigned, however, has not yet ruled on the Motion to Withdraw Reference. Therefore, the case remains referred to Judge Kilburg. 28 U.S.C. § 157(a). The magistrate judge's order, which purported to consolidate *Eide* with *Waldner* is thus premature—the undersigned has not decided whether *Eide* should be withdrawn from the bankruptcy court.[3]

In light of the foregoing, the court shall set aside the magistrate judge's September 15, 2005, order consolidating *Waldner* and *Eide*. The Clerk of Court shall be directed to unconsolidate the two cases.

**IT IS THEREFORE ORDERED THAT:**

(1) The magistrate judge's September 15, 2005 Order (C-05-1029 docket no. 4; C-05-1014 docket no. 89) is **SET ASIDE**; and

(2) The Clerk of Court is directed to unconsolidate *Waldner v. Carr*, Case No. C-05-1029 and *Eide v. Haas*, Case No. C-05-1029.

**IT IS SO ORDERED.**

**DATED** this 20th day of April, 2006.

**Copies mailed on:** mem 04.20.2006

**to counsel of record or pro se parties as shown on docket and other parties listed here:** US Trustee

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[3] The court's delay in ruling on the Motion to Withdraw Reference stems from the fact that the Clerk of Court mistakenly docketed the Motion to Withdraw Reference as a Notice of Withdrawl of Reference.