# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| In re<br>H & W MOTOR EXPRESS COMPANY | (Bankruptcy Case No. 02-2017D) |
| LARRY S. EIDE, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>URBAN R. HAAS and PATRICIA M. HAAS, Individually and as Trustees of the Marie C. Haas Trusts, f/b/o Urban Andrew Haas, Christopher James Haas, Aimee Marie Haas, n/k/a Aimee Marie Haas Walsh and Catherine Anthoine Haas,<br><br>    Defendants and Third-Party Plaintiffs,<br><br>vs.<br><br>ROGER WALDNER,<br><br>    Third-Party Defendant. | No. 05-CV-1029-LRR<br><br>(Bankruptcy Case No. 04-9106)<br><br>**ORDER ON MOTION TO WITHDRAW REFERENCE OF CASE OR PROCEEDING WITHIN CASE** |

## TABLE OF CONTENTS

*I.     INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.    PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*III.   THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

         *A.    Untimely* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.    *Cause Not Shown* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
IV.    **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

## I. INTRODUCTION

Before the court is Third-Party Defendant Roger Waldner's Motion to Withdraw Reference of Case or Proceeding within Case ("Motion") (docket no. 6).

## II. PRIOR PROCEEDINGS

On July 11, 2004, Larry S. Eide filed a Complaint in the United States Bankruptcy Court for the Northern District of Iowa ("the Bankruptcy Court") against Urban Haas and Patricia Haas. Eide was a Chapter 7 Trustee in *In re H&W Motor Express Company*, Case No. 02-2017D, another case pending in the Bankruptcy Court.[1] By filing the Complaint, Eide initiated an adversary proceeding against the Haases and sought to recover property of the bankruptcy estate. *See* 11 U.S.C. § 542(a) (requiring individuals in possession of property of the bankrupt estate to deliver it to the trustee); *see also id.* § 323 (appointing trustee representative of the bankrupt estate, with the capacity to sue).

*Eide* proceeded in the Bankruptcy Court for nearly a year, and numerous filings and orders were docketed. On November 8, 2004, the Haases filed a Third-Party Claim against Waldner. On April 29, 2005, more than five months after he filed his Answer to the Haases's Third-Party Claim, Waldner filed the instant Motion in the Bankruptcy Court. Waldner represented to the Bankruptcy Court that:

> Cause exists for the withdrawal of this matter, to wit: this matter is a non-core proceeding, as to which the Bankruptcy Judge, under 28 U.S.C. § 157(c), may only hear and report,

---

[1] All filings in *Eide* contain the parallel caption of *In re H&W Motor Express Company,* Case No. 02-2017D.

> and in light of the likelihood that de novo review will be sought under 28 U.S.C. § 157(c)(1), it is in the interest of judicial economy for the District Court to hear the matter in the first instance. Withdrawal of the reference is particularly appropriate in this case since there is currently pending before the District Court a civil action involving the same parties and the same Memorandums of Understanding. *See* Case No. C04-1014[-]EMJ.

Roger D. Waldner is the Plaintiff in another case, *Waldner v. Carr, et al.*, No. C04-1014-EMJ. *Waldner* is currently pending in the district court. The Haases are two of more than a dozen defendants in *Waldner*.

On May 5, 2005, Chief Bankruptcy Judge Paul J. Kilburg stayed all action in *Eide* pending the district court's ruling on the Motion. On May 24, 2005, Sean F. McAvoy, Clerk of the Bankruptcy Court for the Northern District of Iowa, electronically transmitted a certified record of *Eide* to the Clerk of Court for the Northern District of Iowa. Included in the record was Waldner's Motion.[2] Neither Eide nor the Haases resisted or joined in Waldner's Motion.

---

[2] Neither the statute nor the local rules indicate whether a party should file a motion to withdraw the reference in bankruptcy court or district court. There is some authority that Waldner correctly filed his Motion in the Bankruptcy Court. *See* Fed. R. Bank. P. 5011, Advisory Committee Notes (contemplating that parties file motions to withdraw reference with the bankruptcy clerk, who would then forward the motions to the district court); *see also Resolution Trust Corp. v. Overland Park Fin. Corp.*, 182 B.R. 865, 869-70 (D. Kan. 1995) (relying on local rule and holding that "the motion for withdrawal should not be filed directly in the district court"). Because Waldner did not file his Motion in this court and the Clerk of Court for the Northern District of Iowa mistakenly docketed the certified record of the case as a "Notice of Withdrawal Reference from Bankruptcy Court," significant delay in ruling on the Motion resulted.

## III. THE MERITS

Federal district courts have original jurisdiction over bankruptcy cases. 28 U.S.C. § 1334. "District courts, however, need not adjudicate these cases; they may refer them to bankruptcy courts . . . ." *United States v. Gurley*, 434 F.3d 1064, 1067 (8th Cir. 2006) (citing 28 U.S.C. § 157(a)). Title 28, United States Code, Section 157(a) permits a district court to "provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). In the Northern District of Iowa, bankruptcy actions are routinely referred to bankruptcy judges pursuant to a standing administrative order. *See* N.D. Iowa Administrative Order No. 927 (May 5, 1986) (ordering the referral of all cases arising under title 11 to the Bankruptcy Court). On the basis of Section 157(a) and the standing administrative order, *Eide* was automatically referred by this court to the Bankruptcy Court.

Title 28, United States Code, Section 157(d) permits a district court to withdraw its prior reference of a case to a bankruptcy court. 28 U.S.C. § 157(d); *see Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985) (noting that "the district court could have withdrawn this case from the bankruptcy court, despite the earlier general order of referral"). Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

4

Section 157(d) contains two provisions by which the district court may withdraw its earlier reference of a case to bankruptcy court: a discretionary provision and a mandatory provision. Under the discretionary provision, withdrawal of the reference *may* be accomplished "for cause shown" upon "timely motion of any party" or upon the court's own motion. 28 U.S.C. § 157(d); *see also Morgan v. Rabun*, 128 F.3d 694, 699 (8th Cir. 1997) (holding that the use of the word "may" in a statute grants discretion). Under the mandatory provision, withdrawal of the reference *is required* "on timely motion of a party" if the court determines that, in order to resolve the bankruptcy case, the court would also have to consider "other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d); *see also Hewitt v. Helms*, 459 U.S. 460, 471 (1983) (remarking that the word "shall" is "language of an unmistakably mandatory character), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Waldner's Motion invokes only the discretionary provision of Section 157(d). There are no claims in the case that would require the court to consider "other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Thus, the court shall only consider the discretionary provision of Section 157(d). "Where, as here, the only federal law at issue is the Bankruptcy Code itself, withdrawal is generally discretionary." *Vreugdenhil*, 773 F.2d at 215 (citing *Carlton v. Baww, Inc.*, 751 F.2d 781, 788 (5th Cir. 1985) and *In Re White Motor Corp.*, 42 B.R. 693 (Bankr. N.D. Ohio 1984)).

To grant a party's motion to withdraw the reference under the discretionary provision of Section 157(d), the court must find (1) the motion was "timely" and (2) the party has shown "cause" for withdrawal. *Id.*; *see also United States v. Kaplan*, 146 B.R. 500, 503 (D. Mass. 1992) ("Consistent with the plain language of the statute, this court

5

will apply a two prong test . . . (1) the motion must be *timely* filed, and (2) the movant must demonstrate *cause* for the withdrawal." (Emphasis in original.). Waldner, as the moving party, bears the burden of proof on both elements. *Kaplan,* 146 B.R. at 503; *see also In re Ponce Marine Farm, Inc.*, 172 B.R. 722, 725 (D.P.R. 1994) (similar); *In re Mich. Real Estate Ins. Trust*, 87 B.R. 447, 459 (E.D. Mich. 1988) (similar). The court shall now consider each of these two requirements, in turn.

### *A. Untimely*

Section 157(d) does not set forth a specific deadline before which parties must file motions to withdraw reference. *In re N.Y. Trap Rock Corp.*, 158 B.R. 574, 577 (S.D.N.Y. 1993); *see also In re Lars, Inc.*, 290 B.R. 467, 470 (D.P.R. 2003) (same). Neither the Supreme Court nor the Eighth Circuit Court of Appeals has considered what constitutes a "timely" filed motion to withdraw the reference. Other district courts have issued varying and somewhat inconsistent rulings. *Compare Burger King Corp v. B-K of Kan., Inc.*, 64 B.R. 728, 730-31 (D. Kan. 1986) (holding that a ten-month delay in filing a motion to withdraw reference was "timely," albeit at "the outer limit"), *with Laine v. Gross*, 128 B.R. 588, 589 (D. Me. 1991) (holding a motion to withdraw the reference that was filed six months after the time from which "it was clear that grounds for withdrawal existed" was not timely filed).

The court holds that the test for timeliness is ultimately one of reasonableness under the circumstances. *See Kaplan*, 146 B.R. at 503 ("Timeliness is determined based on a review of the facts of the specific situation."). The party seeking withdrawal must file its motion as soon as practicable. *See, e.g.*, *In re Sevko, Inc.*, 143 B.R. 114, 116 (N.D. Ill. 1992) ("[T]he test for timeliness of a motion to withdraw reference is either as soon as possible, or at the first reasonable opportunity after the moving party has notice of the grounds for withdrawal, depending on the facts of each case."); *In re Stavriotis*, 111 B.R.

154, 157-58 (N.D. Ill. 1990) (similar); *In re Baldwin-United Corp.*, 57 B.R. 751, 753-54 (S.D. Ohio 1985) (similar). In other words, "[o]nce a case becomes subject to withdrawal, 'a party has a plain duty to act diligently—or . . . forever hold his peace.'" *Kaplan*, 146 B.R. at 503 (quoting *In re Giorgio*, 50 B.R. 327, 328 (D.R.I. 1985)). Requiring the party seeking withdrawal to file its motion as soon as possible "protect[s] the court and the parties in interest from useless costs and disarrangement of the calendar, and . . . prevent[s] unnecessary delay and the use of stalling tactics." *Giorgio*, 50 B.R. at 328 (citing *Bishop v. United States*, 16 F.2d 410, 411 (8th Cir. 1926)). "Delay for tactical reasons, prejudicial to the adversary or to the administration of justice, can be grounds for denying [a motion to withdraw the reference]." *N.Y. Trap Rock*, 158 B.R. at 577 (citations omitted).

In this case, the timeliness of Waldner's Motion must be judged from the time Waldner received notice that the Haases had brought him into *Eide* by filing their Third-Party Claim against him. *Cf. Laine v. Gross*, 128 B.R. 588, 589 (D. Me. 1991) (judging timeliness of motion of withdrawal of reference from time complaint was filed against moving party). Although the precise date of service of summons is unknown, Waldner filed his Answer to the Haases's Third-Party Claim in *Eide* on November 22, 2004. Waldner, however, did not file his Motion until April 29, 2005—more than five months after he filed his Answer. Waldner has not offered any reasons to justify this lengthy delay.[3]

---

[3] The court also notes that Waldner was aware of the possibility of filing such a motion to withdraw the reference, because, as early as December 23, 2004, the parties had informed the Bankruptcy Court that "possibly motions for withdrawal of reference" might be filed. Moreover, Waldner filed his Complaint in *Waldner* in April of 2004, so the opportunity for withdrawal of *Eide* and consolidation with *Waldner* has always been

(continued…)

7

Accordingly, the court finds that Waldner's Motion is untimely and, therefore, shall deny the Motion. *Cf. id.* (denying motion to withdraw reference that was "filed over six months after the alleged necessity for it became apparent").

## B. Cause Not Shown

Even if Waldner's Motion were timely, the court concludes he has not shown cause for withdrawal of the reference. The courts considering whether the withdrawal of the reference is appropriate have examined a broad range of factors, including the nature of the claims in the bankruptcy proceeding (i.e., whether the claims are "core"[4] or "non-core"[5]), delay and costs to the parties, the efficient use of judicial resources, the uniformity of bankruptcy administration, the prevention of forum shopping and the presence of a jury demand. *See, e.g., In re Orion Pictures Corp.*, 4 F.3d 1095, 1101-02

---

[3](…continued)
present.

[4] "Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law." *Specialty Mills v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995) (citing *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) and 28 U.S.C. § 157(b)(2)). "[H]earing core [bankruptcy] matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *In re Orion Pictures Corp,* 4 F.3d 1095, 1101-02 (2d Cir. 1993).

[5] "Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy." *Specialty Mills*, 51 F.3d at 773-74 (citing *Wood*, 825 F.2d at 97). The Eighth Circuit has adopted the "conceivable effect test" for determining whether a civil proceeding is related to a bankruptcy case. *Id.* at 774. "The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy . . . ." *Id.* (citations omitted).

(2d Cir. 1993); *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 n.5 (11th Cir. 1991); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985). *See generally Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1380-81 (M.D. Ga. 2004) (discussing various tests courts have developed). The decision regarding whether to withdraw the reference to bankruptcy court is committed to the sound discretion of the district court. *See Vreugdenhil*, 773 F.2d at 215 ("[W]ithdrawal is generally discretionary."); *In re Millenium Studios*, 286 B.R. 300, 303 (D. Md. 2002) (holding that a district court has "broad discretion" in deciding whether to withdraw reference of case for cause shown) (citing *In re C-TC 9th Avenue P'ship*, 177 B.R. 760, 765 (N.D.N.Y. 1995).

Waldner offers only two reasons for withdrawal of the reference of this case. Because these two reasons are the only reasons Waldner proffers, they are the only reasons the court shall consider. Withdrawal of the reference is discretionary "for cause *shown*." 28 U.S.C. § 157(d) (emphasis added); *see, e.g., In re Larry's Apartment, LLC*, 210 B.R. 469, 472, 474 (D. Ariz. 1997) (placing burden of proof on movant and relying on fact that movant "presented no persuasive argument" as to some of the factors considered).

First, Waldner submits that this matter is a non-core proceeding, and, thus, the bankruptcy judge may only issue a report and recommendation to the undersigned. *See* 28 U.S.C. § 157(c)(1) (authorizing bankruptcy judges to hear non-core proceedings but requiring them to "submit proposed findings of fact and conclusions of law to the district court"). "In non-core matters, a bankruptcy court may not enter final judgment; it has authority to issue only proposed findings of fact and conclusions of law, which are reviewed *de novo* by the district court. *Marshall v. Marshall*, 547 U.S. \_\_\_, \_\_\_, No. 04-1544, 2006 WL 1131904 (U.S. May 1, 2006) (citing 28 U.S.C. § 157(c)(1)). Therefore, Waldner contends that "it is in the interest of judicial economy for the District Court to

9

hear the matter in the first instance" because it is likely that one of the parties will file objections to the report and recommendation and seek *de novo* review by this court. *See id.*; *see also* 28 U.S.C. § 157(c)(1) (requiring district court judge to review bankruptcy judge's report and recommendation *de novo*). In other words, because it is likely that the court will have to eventually review the case *de novo*, the court should bypass the bankruptcy court entirely now.

Even if the court were to accept Waldner's characterization of the case as a "non-core proceeding,"[6] the court finds his first argument unpersuasive. Other litigants have made this same argument in other district courts to no avail. Considering one such claim, one district court aptly wrote:

> Although [the movant] argues that the entitlement to *de novo* review would make the bankruptcy court determination "superfluous," that line of reasoning would prevent any non-core matter from ever being referred to the bankruptcy court. Without more, this argument carries little, if any, weight in favor of withdrawal.

*In re Ames Dep't Stores, Inc.*, 190 B.R. 157, 163 (S.D.N.Y. 1995). In other words, a party's mere threat to file objections to any future report and recommendation issued by the bankruptcy judge in a non-core proceeding is not "cause" for withdrawal of the reference under Section 157(d). While it is true that, on the objection of a party, the district court must review *de novo* any determination by the bankruptcy judge on a non-core matter, *see* 28 U.S.C. § 157(c)(1), "it is equally true that [the bankruptcy judge] has a better vantage point from which to make proposed findings of fact and conclusions of law in the first instance." *Ames Dep't Stores*, 190 B.R. at 163. This is especially true in this

---

[6] The court notes that in the Complaint, Eide averred to the Bankruptcy Court that the case was a core proceeding.

case, because Judge Kilburg has a wealth of experience as both a bankruptcy judge and a former state district court judge. The mere fact a bankruptcy proceeding is not a core proceeding is not a sufficient reason to grant a motion for the withdrawal of the reference. *In re CIS Corp.*, 188 B.R. 873, 877 (S.D.N.Y. 1995).

Second, Waldner claims withdrawal of the reference is appropriate in this case because "there is currently pending before the District Court a civil action[, *Waldner v. Carr*, No. C04-1014-EJM,] involving the same parties and the same Memorandums of Understanding." This is not entirely true. *Waldner* and *Eide* involve different parties. For example, there are approximately a dozen parties in *Waldner* who are not parties in *Eide*. Thus, Waldner has not shown cause for withdrawal of the reference in this case.

The court recognizes that, where a proceeding in bankruptcy involves common issues of law and fact with a case pending in district court, there are practical reasons for granting a motion to withdraw reference and, ultimately, consolidating the action with the district court proceeding. *Big Rivers Elec. Corp. v. Green River Coal Co., Inc.*, 182 B.R. 751, 755 (W.D. Ky. 1995) (citing, in part, *In re Wedtech Corp.*, 81 B.R. 237, 239 (S.D.N.Y. 1987); *see also Congress Credit Corp. v. AJC Int'l Inc.*, 42 F.3d 686, 690 (1st Cir. 1994) ("To be sure, it makes no sense for the two actions to proceed along separate tracks, inviting a defense strategy of divide and conquer."). While it appears true that *Waldner* and *Eide* involve the same two documents, Waldner makes no effort to explain to this court the nexus between those documents, the instant case and *Waldner*. Such an explanation is necessary for the court to determine whether withdrawal would result in the efficient use of judicial resources and not undermine the uniformity of bankruptcy administration. Because Waldner has not made such an effort, he has not shown cause for withdrawal of the reference in this case. 28 U.S.C. § 157(d)

To the contrary, some factors weighing against withdrawal of the reference are

readily apparent from the record. The record shows that the underlying bankruptcy case, *In re H&W Motor Express Co.*, has been proceeding in the Bankruptcy Court since 2002—approximately three years before the Motion was filed. For the undersigned to interfere in an adversary proceeding at this late stage would result in a waste of judicial resources. *See In re TPI In'l Airways*, 222 B.R. 663, 668 (S.D. Ga. 1998) (denying motion to withdraw the reference because case had been proceeding in bankruptcy court "for several years"); *Larry's Apartment*, 210 B.R. at 474 (denying motion to withdraw the reference of adversary proceeding because underlying bankruptcy proceeding had been pending in bankruptcy court for two years).

> For this [c]ourt to withdraw one allegation from the [B]ankruptcy [C]ourt, at this time, would be very inefficient and a significant waste of judicial resources. The [c]ourt would have to familiarize itself with the record in the case and to monitor rulings made by the bankruptcy judge to avoid inconsistent rulings. . . . Additionally, withdrawal would interrupt the efficient administration of the [B]ankruptcy [C]ourt.

*TPI Int'l Airways,* 222 B.R. at 668-69. The Bankruptcy Court has been dealing with *In re H&W Motor Express Co.* since 2002 and *Eide* since 2004 and, presumably, is intimately familiar with them. Therefore, withdrawal of the reference of *Eide* at this late stage is inappropriate. *See, e.g., Ponce Marine Farm*, 172 B.R. at 725 (denying motion to withdraw the reference because underlying bankruptcy proceeding had been pending in bankruptcy court for "over a year and a half"); *see also In re Apponline.Com, Inc.*, 303 B.R. 723, 728 (E.D.N.Y. 2004) (denying motion to withdraw the reference where bankruptcy court had "a complete understanding of the factual background of the underlying bankruptcy") (citing *In re Enron Corp.*, 295 B.R. 21, 28 (S.D.N.Y. 2003)).

Accordingly, the court shall deny the Motion because it is untimely and Waldner

has not shown cause for permissive withdrawal of the reference in this case.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED**:

(1) Third-Party Defendant Roger Waldner's Motion to Withdraw Reference of Case or Proceeding within Case (docket no. 6) is **DENIED**; and

(2) The Clerk of Court is **DIRECTED** to send a certified copy of this order to the Bankruptcy Court for the Northern District of Iowa.

**IT IS SO ORDERED.**

**DATED** this 1st day of May, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA